IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

THOMAS ANDERSON,

      Plaintiff,

      v.

STATE OF OREGON,

      Defendants.

Civil No. 11-6406-TC

ORDER TO PROCEED IN FORMA
PAUPERIS AND RECOMMENDATION
TO DISMISS

COFFIN, Magistrate Judge.

      Plaintiff's Application to *proceed in forma pauperis* (#1) is allowed.  However, for the reasons set forth below, plaintiff's complaint should be dismissed, without service of process, on the basis that it is frivolous.  See 28 U.S.C. § 1915(d).

### BACKGROUND

      Plaintiff filed this action alleging that his constitutional rights  were violated by the Multnomah County District Court's

1 - ORDER TO PROCEED IN FORMA PAUPERIS AND RECOMMENDATION TO
    DISMISS

dismissal of three cases plaintiff's was litigating.  Plaintiff seeks to have the judgments of dismissal declared "void" and to enjoin the State of Oregon with regard to certain judicial procedures.

## STANDARDS

A complaint filed *in forma pauperis* may be dismissed before service of process if it is deemed frivolous under 28 U.S.C. §1915)d).  Neitzke v. Williams, 490 U.S. 319, 324 (1989); Jackson v. State of Ariz., 885 F.2d 639, 640 (9th Cir. 1989).  A complaint is frivolous "where it lacks an arguable basis in law or in fact." Neitzke, 490 U.S. at 325; Lopez v. Dept. of Health Services, 939 F.2d 881, 882 (9th Cir. 1991); Jackson, 885 F.2d at 640.

In determining whether a civil rights complaint is frivolous under § 1915(d), this court is mindful of the requirement to liberally construe the allegations of a *pro se* plaintiff and to afford the plaintiff the benefit of any doubt.  Lopez, 939 F.2d at 883.

## DISCUSSION

I find that regardless of how liberally plaintiff's complaint is construed, it fails to state a claim because this court lacks jurisdiction over plaintiff's claims.

Under the *Rooker Feldman* Doctrine Federal District Courts have no jurisdiction to review the final determinations of state courts. Worldwide Church of God v. McNair, 805 F.2d 888, 890-91 (9th Cir. 1986); District of Columbia Court of Appeals v. Feldman,

460 U.S. 462, 486 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 416 (1923) [federal district courts may not exercise appellate jurisdiction over state courts]. This is true even when the challenge to a state court decision involves federal constitutional issues. <u>Branson v. Nott</u>, 62 F.3d 287, 291 (9th Cir. 1995); *see also*, <u>Ritter v. Ross</u>, 992 F.2d 750, 754 (7th Cir. 1993), *cert denied*, 510 U.S. 1046 (1994) [a federal plaintiff may not avoind this jurisdictional issue by casting the complaint in the form of a federal civil rights action].

The essence of plaintiff's claim in this case is seeking review of the dismissal of his state court actions. For the reasons set forth above, this court has not jurisdiction over such claims.

In addition, there is a strong federal policy against federal court intervention in state court judicial processes. *See*, <u>Moore v. Sims</u>, 442 U.S. 415 (1979). In <u>Younger v. Harris</u>, 401 U.S. 37 (1971), the Court held that absent extraordinary circumstances, equity concerns and principles of comity require that federal courts refrain from enjoining state court criminal prosecutions. The <u>Younger</u> doctrine applies in civil proceedings and is not limited to requests to enjoin state court proceedings. *See*, <u>Kitchens v. Bowen</u>, 825 F.2d 1317, 1341 (9th Cir. 1987), *cert denied*, 108 S.Ct. 1109 (1988).

It appears based on the allegations of plaintiff's complaint that even if plaintiff were able to establish a proper basis for

federal jurisdiction that abstention would be proper in this case.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that plaintiff's complaint (#2) should be DISMISSED.  Because the deficiencies of the complaint cannot be cured by amendment, the dismissal should be with prejudice.

IT IS SO ORDERED.

DATED this __6__ day of January, 2012.

_____
Thomas M. Coffin
United States Magistrate Judge

4 - ORDER TO PROCEED IN FORMA PAUPERIS AND RECOMMENDATION TO DISMISS